UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY CARR,<br><br>                      Plaintiff,<br><br>v.<br><br>WARDEN CARLYN; LT. ANDERSON; SGT. ROANE; C/O RIVERA; C/O DAVIDSON; and CPL HARTNETT,<br><br>                      Defendants. | Case No. 3:10-cv-000625-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Now before the Court is Defendants' Motion to Dismiss. (Dkt. 14). After reviewing the record and being fully advised, the Court enters the following order denying Defendants' motion to dismiss Plaintiff's Complaint.

## BACKGROUND/FACTS

On April 25, 2011, Hon. Candy W. Dale entered an Initial Review Order in this case allowing Plaintiff to proceed on his access to courts and retaliation claims against Defendants Hartnett, Rivera, and Davidson, but dismissing the remaining claims and defendants. *Order*, 12 (Dkt. 7). Thereafter, the remaining defendants filed the pending motion to dismiss on the grounds that Plaintiff "failed to exhaust his administrative

remedies regarding the retaliation claims," and that he "has failed to state a claim for relief in his access to courts claim…." *Motion to Dismiss*, 2 (Dkt. 14).

On July 22, 2011, Plaintiff was granted permission, and additional time, to produce additional evidence in response to Defendants' motion, which he did on August 15, 2011. (Dkt. 18). In sum, Plaintiff produced hundreds of pages of various documents, affidavits, concern forms, grievances, and a disciplinary offense report (DOR), all purporting to buttress his contention that the exhaustion requirements have been met. *See Evidence List & Exhibits* (Dkt. 19). Finally, Plaintiff objects to Defendant's reply brief as not conforming to Rule 11, Rule 56(e) and Local Rule 7.1, and requests that it be stricken and not considered by the Court. *Objection* (Dkt. 21).

Not all of the parties consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *Order of Reassignment* (Dkt. 22). Accordingly, Judge Dale reassigned this action to the undersigned District Judge on November 21, 2011. *Id.*

## DISCUSSION

1. **Plaintiff's Objection**

Plaintiff takes issue with Defendants' reply in support of their motion to dismiss, requesting that it be stricken. *Objection*, 1-2 (Dkt. 21). Specifically, he argues that pursuant to Federal Rule of Civil Procedure 11, the document submitted in Reply was not properly signed. *Id*. Further, Plaintiff argues that because the reply was untimely under Federal Rule of Civil Procedure 56(e) and Local Rule 7.1(a)(2), it should not be considered by the Court. *Id*.

As an initial matter, the signature on the disputed Reply is adequate. Defense Counsel is a registered participant in the CM/ECF program, and properly executed the signature requirement on the defense reply. *See* Dist. Idaho Loc. Civ. R. 5.1(j), Electronic Case Filing Procedures 13 ("The electronic filing of any document by a Registered Participant shall constitute the signature of that person for all purposes provided in the Federal Rules.").

Further, regarding the timeliness of the reply, the Court granted Defendants additional time, until August 31, 2011, in which to reply. *Docket Entry Order* (Dkt. 18). This is the same order in which Plaintiff was granted additional time time to file exhibits. *Id*. Thus, Plaintiff's motion to strike (Dkt. 21) will be denied, and Defendants' reply (Dkt. 20) will be considered.

## 2. Exhaustion of Administrative Remedies (Retaliation)

Defendants concede that Plaintiff has exhausted the grievance process with regard to his access to courts claim, but argue that the retaliation claim is discrete, has not been properly grieved, and should be dismissed accordingly. *Motion to Dismiss*, 6 (Dkt. 14-1). In support of their motion, Defendants submit an affidavit from the Grievance Coordinator at the Idaho Correctional Institution Orofino, Coleen Reed. *Affidavit of C. Reed* (Dkt. 14-2). Reed states that she reviewed institutional records for grievances submitted by Plaintiff between October 14, 2010, and June 21, 2011. *Id*. at 4.

During that time, Reed states that Plaintiff initiated the grievance process four times, noting two grievances that relate to this action and two others "not related to missing envelopes or retaliation." *Id*. However, as Plaintiff points out, despite defense

MEMORANDUM DECISION AND ORDER - 3 -

counsel's claims "that Plaintiff did not exhaust the grievance process," the Reed affidavit fails to indicate if Plaintiff did or did not properly exhaust the process with regard to the two relevant grievances. *Id*. Regardless, it appears that Plaintiff did exhaust this issue.

As stated, the Reed Affidavit serves only to confirm that Plaintiff filed two grievances, on November 18, and 29, 2010, relating to being placed into segregation and possible theft of his manila envelopes. *Id*. at 5. Despite Defendants' contention that the grievances can only characterized as access to court claims, Plaintiff submitted evidence of a rejected grievance that complains that jail personnel were "conspiring to block access to the courts," and "refused to respond to concern forms." *Plaintiff's Exhibit* (Dkt. 19). This rejected grievance also related to the disputed missing legal work, though Plaintiff makes clear his belief that it was "stolen by your staff." *Id*. This grievance was sufficient to put Defendants on notice that there was a potential retaliation issue.

While Defendants argue that "Plaintiff has failed to meet his burden in responding to [the motion]," because failure to exhaust is an affirmative defense, it is Defendants that bear the burden of proving non-exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Plaintiff has submitted a copious amount of evidence to support his contention that the envelopes were taken in retaliation to his legal actions. (Dkt. 18). This includes a large number of unexhausted concern forms, showing further that Defendants knew of the problem. *See Jones v. Bock*, 549 U.S. 199, 219 (2007) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is

not a summons and complaint that initiates adversarial litigation." (internal citation omitted)). Accordingly, Defendants' motion to dismiss for nonexhaustion will be denied.

3. **Rule 12(b)(6)**

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) permits courts to dismiss a complaint for two reasons: (1) lack of a cognizable legal theory or (2) pleading of insufficient facts under an adequate theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir.1984). In reviewing a Rule 12(b)(6) motion to dismiss, the Court must assume the truth of all factual allegations and construe inferences in the light most favorable to the nonmoving party. *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir.2002); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). While the complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). That is, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contractors of Am. v. Metro. Water Dist.,* 159 F.3d 1178, 1181 (9th Cir.1998) (quoting *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir.1998)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl.,* 550 U.S. at 555 (citations omitted).

Further, when a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.' " *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir.1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986)). In other words, the Court may deny leave to amend where amendment would be futile. *See id.; Schreiber Distrib.,* 806 F.2d at 1401.

Here, Defendants argue that "Plaintiff's claims against the Defendants are not only conclusory, they are, in fact, a conclusion and nothing more." *Motion to Dismiss*, 11 (Dkt. 14-1). Defendants argue that all of Plaintiff's claims are set forth "without alleging any supporting factual allegations to support his conclusory statements that any of the Defendants did or did not do anything." *Id*. Regarding his access to court claim, Defendants argue that it must fail because Plaintiff "fails to state that he suffered an actual injury as a result of the alleged denial of access as required under the *Lewis* standard." *Id*. Specifically, Defendants argue that Plaintiff has failed to allege actual injury because Plaintiff cannot state who specifically took his property. *Id*. Further, Defendants characterize Plaintiff's statements regarding access as vague and conclusory. *Id*.

In response, Plaintiff intimates that the confiscation, or theft, of his legal materials "destroyed [his] ability to provide 'evidence' to the Courts, thereby destroying any chance Plaintiff would had to prevail …." *Response*, 9 (Dkt. 16). Plaintiff goes on to

explain that the allegedly stolen envelopes contained all of the evidence for his case, and without it, attempting to file a tort claim would be futile. *Id.*

Inmates have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 817, 821, 828 (1977). In order to demonstrate that he has a viable access to courts claim, Plaintiff must show that he suffered an actual injury as a result of the alleged denial to access. *Lewis v. Casey*, 518 U.S. 343 (1996). Actual injury may be manifest if the denial "hindered his efforts to pursue a legal claim," such as having his complaint dismissed for "for failure to satisfy some technical requirements" caused by the denial, or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied [by the denial] that he was unable even to file a complaint." *Id.* at 351.

In *Lewis,* the Arizona Department of Corrections appealed an injunction requiring them to significantly upgrade their law library facilities. The Supreme Court reversed because of the failure to find imminent actual injury resultant from the existing conditions. *Id.* at 349-353 & n. 3. As such, *Lewis* clarifies "that every such claim must be founded upon actual injury, and the restriction of the scope of the right to only certain types of claims." *Ornelas v. Giurbino*, 358 F.Supp. 955, 972 (S.D. Cal. 2005).

*Lewis* makes clear that actual injury is a "constitutional prerequisite" which not only ensures "serious and adversarial treatment," but also "keeps the courts within certain traditional bounds vis-a-vis the other branches, concrete adverseness or not." *Lewis,* 518 U.S. at 352-53 & n. 3. This right of access is only guaranteed for certain types of claims: direct and collateral attacks upon a conviction or sentence, and civil rights actions challenging the conditions of confinements. *Id.* at 354. Even among these types of

**MEMORANDUM DECISION AND ORDER - 7 -**

claims, actual injury will exist only if "a nonfrivolous legal claim has been frustrated or was being impeded." *Id.* at 353.

"Thus, to state a claim for interference with the right of access to the courts, an inmate must establish that inadequate facilities or interfering regulations have actually frustrated or impeded a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement." *Ornelas*, 358 F.Supp. at 972 (citing *Lewis,* 518 U.S. at 355; *Sands v. Lewis,* 886 F.2d 1166, 1171 (9th Cir.1989).

Here, at the motion to dismiss stage, Plaintiff has provided sufficient evidence that he has been denied the access to the courts guaranteed by *Bounds* and *Lewis. See also Initial Review Order*, 7 (Dkt. 7) ("Plaintiff alleges that he had gathered evidence for a civil rights lawsuit and that Defendants Hartnett, Rivera, and Davidson stole that evidence, making it impossible for Plaintiff to file the suit. These allegations state a colorable access to courts claim upon which Plaintiff may proceed."). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir.2009).

Applying this standard to his Complaint, the facts pled do not rule out the possibility that Plaintiff was so stymied by the allegedly stolen legal papers that he became unable to even file a complaint. Pointedly, Plaintiff lays out, in detail, what legal work was taken, that it was clearly marked as legal work, and that he was unable to

**MEMORANDUM DECISION AND ORDER - 8 -**

pursue claims because they were missing. Accordingly, the Court will deny Defendants' motion to dismiss.

It should be noted, however, that this Order does not guarantee that any of Plaintiff's claims will be successful when judged on the merits; it merely finds that the claim is colorable, and will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims. It is Plaintiff's burden to thoroughly set forth the legal and factual basis for each of his claims so that Defendants can properly defend against them.

## ORDER

It is **ORDERED:**

1) Plaintiff's Motion to Strike (Dkt. 21) is **DENIED;**

2) Defendants' Motion to Dismiss (Dkt. 14) is **DENIED;**

3) Defendants shall file an answer within **30 days** of the entry of this order.

DATED: February 17, 2012

B. Lynn Winmill
Chief Judge
United States District Court